SCOTT KEITH WILSON, Federal Public Defender (#7347)
BENJAMIN C. McMURRAY, Assistant Federal Defender (#9926)
FEDERAL PUBLIC DEFENDER - DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Fax: (801) 524-4060

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  CHRISTOPHER HALES  Defendant. | **MOTION FOR EXTENSION**  Case No. 2:20-cr-00323 TS |

Defendant Christopher Hales has asked the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government argues in response that Mr. Hales waived his right to seek such a reduction in the plea agreement. Mr. Hales's reply is due February 27, 2024.

Relying on an unpublished decision, the government asks the court to apply the enforceability analysis in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), to determine whether the waiver is enforceable. (Doc. 31 at 13 (quoting *United States v. Goudeau*, 390 F. App'x 814, 816 (10th Cir. 2010).) However, Mr. Hales has found no published decision from the Tenth Circuit that subjects § 3582(c)(2) waivers to the *Hahn* analysis, and there are sound arguments that a § 3582(c)(2) waiver is unenforceable. More time is needed to develop these arguments.

Additionally, the government concedes that a waiver that was not knowing and voluntary could not be enforced. *Id.* It argues that a knowing and voluntary waiver should be inferred from the plea agreement. However, this aspect of the enforceability analysis is inherently factual, and while the plea agreement is one source of evidence about what Mr. Hales understood when he accepted the waiver, it is not the only source. For example, despite a discussion of the appellate and collateral-review waivers at the plea hearing, the court did not specifically address the § 3582(c)(2) during the plea colloquy. Mr. Hales asserts that he did not understand the right he was giving up, and the waiver was not enforceable.

In support of this claim, undersigned counsel has attempted to contact Mr. Hales's prior counsel, but he has not yet been able to reach him. Mr. Hales would like additional time for counsel to accomplish this before submitting his reply. Given the novelty of these issues and the need for additional factual development prior to submitting the reply, Mr. Hales asks the court for an additional 45 days to submit his reply.

Counsel has discussed this request with Assistant U.S. Attorney Tanner Zumwalt, and though he disagrees with the legal theories discussed, he does not oppose the requested extension.

DATED this 27th day of February 2024.

>/s/ *Benjamin C. McMurray*
>BENJAMIN C. McMURRAY
>Assistant Federal Public Defender