IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER HALES,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:20-CR-323-TS<br><br>District Judge Ted Stewart |

  This matter is before the Court on Defendant's Motion for Sentence Reduction. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

  Defendant is a long-time white-collar criminal. He was first indicted in this Court in 2010 for mail fraud, wire fraud, bank fraud, and money laundering. There, Defendant was the mastermind of a scheme to skim equity proceeds from home sales with the use of straw buyers, fraudulent loan applications, and inflated home prices. Through his actions, Defendant caused a loss to individuals and financial institutions of over $12 million. Defendant then used these ill-gotten gains to live a lavish lifestyle, including owning several homes, expensive vehicles, and an airplane, as well as throwing lavish parties in Las Vegas costing upwards of $100,000. For this conduct, Defendant received a sentence of 90 months' imprisonment, with 60 months' supervised release.

  Defendant began his term of supervision in March 2016, and almost immediately began violating the terms of his supervised release. Defendant misappropriated money from his father's

1

business, which he then squandered away on gambling, incurring significant losses. For this conduct, Defendant was given a 30-month term of imprisonment with 30 months of supervision to follow.

Once released from that period of custody, Defendant quickly engaged in further fraudulent behavior. He and others defrauded investors by advertising a sports betting software that could correctly predict sports scores. In reality, there was no software and Defendant, as is his wont, used investor funds for his own benefit. In total, investors in that scheme lost over $7,000,000. This resulted in a sentence of 120 months, which Defendant is currently serving. Defendant now seeks a sentence reduction.

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(2) allows for modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Relevant here, Amendment 821 of the Sentencing Guidelines altered the use of so-called "status points." Defendant received a two-point increase in his criminal history for committing the instant offense while on supervised release. This increased Defendant's criminal history

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

category from a III to a IV, increasing his guideline range from 97-121 months to 110-137 months. Under Amendment 821, Defendant would not have received this two-point increase. Thus, Defendant is eligible for a sentence reduction under § 3582(c)(2).

As a result, the Court turns to consider whether a sentence reduction is warranted under the § 3553(a) factors. Under 18 U.S.C. § 3553(a), the Court considers the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range . . .
> (5) any pertinent policy statement--
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Considering these factors, the Court concludes that a sentence reduction is not warranted here. The nature and circumstances of Defendant's offenses are serious. Defendant is a repeat fraudster, having bilked his victims—including his own father—out of millions of dollars. Defendant has two convictions in this Court and was on supervised release, which he previously violated, when he committed the instance offense. Defendant shows no respect for the law and has continued to engage in misconduct while incarcerated. Instead of promoting respect for the law and affording specific and general deterrence, a sentence reduction would only reward Defendant and those like him for their prior bad acts. Further, a sentence reduction would pose a danger to the public. Defendant has shown a willingness and ability to defraud his victims out of

substantial amounts of money, even after receiving lengthy sentences from this Court. It would be irresponsible for the Court to reduce Defendant's sentence so he could continue this pattern. The Court lauds Defendant's rehabilitative efforts while in custody, but they do not outweigh the Court's consideration of the other § 3553(a) factors.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 26) is DENIED.

DATED this 29th day of May, 2024.

BY THE COURT:

Ted Stewart
United States District Judge